# NO. 12-11-00060-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIRANDA N. PHILLIPS,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Miranda N. Phillips appeals her convictions for two counts of possession of a controlled substance. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

## BACKGROUND

In February 2009, an Angelina County grand jury returned an indictment against Appellant alleging that she committed the offense of possession of a controlled substance on two separate occasions. The grand jury further alleged that, on each occasion, she possessed cocaine in an amount of more than one gram but less than four grams and that she possessed the cocaine with the intent to deliver it.[1] In April 2009, the State filed a ***Brooks***[2] notice alleging that Appellant had a prior felony conviction, which would serve, if proven, to expand the sentencing range to that of a

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010).

[2] *See **Brooks v. State***, 957 S.W.3d 30 (Tex. Crim. App. 1997).

first degree felony.[3]   In April 2009, Appellant pleaded guilty pursuant to a plea agreement reached with the State.   The trial court accepted this agreement and placed Appellant on deferred adjudication community supervision pursuant to Article 42.12, Texas Code of Criminal Procedure, for a period of ten years.

In August 2009, the State filed a motion alleging that Appellant had violated the terms of her community supervision and requesting the trial court to consider proceeding to final adjudication of her guilt.   The State alleged that Appellant had violated the terms of her community supervision by committing new offenses and by failing to report and failing to pay fees.   In December 2010, Appellant pleaded true to the allegations that she violated the terms of her community supervision.   The trial court found her guilty and assessed a sentence of imprisonment for twelve years on each count.   The court did not order a fine and, pursuant to statute, ordered the sentences to be served concurrently.   This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*.   Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case.   In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[4]   *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record.   We found no reversible error.   *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

### CONCLUSION

---

[3] Possession of cocaine in an amount of more than one gram but less than four grams with the intent to deliver is a second degree felony.   *See* TEX. HEALTH & SAFETY CODE ANN. § 418.112(c).   If it is shown at the trial of a second degree felony that the defendant has been once before convicted of a felony, the defendant "shall be punished for a first-degree felony."   TEX. PENAL CODE ANN. § 12.42(b) (West 2011).

[4] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file her own brief in this cause. The time for filing such a brief has expired, and we have received no pro se brief.

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3.[5] Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered August 24, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] By rule, after September 1, 2011, petitions should be filed directly with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a) (effective September 1, 2011).